**W. H. POWELL, Appellant,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 4164.

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Rehearing Denied Nov. 7, 1963.

Oliver & Oliver, San Antonio, for appellant.

Crawford B. Reeder, City Atty., Matthews, Nowlin, Macfarland & Barrett, San Antonio, for appellee.

McDONALD, Chief Justice.

This is a suit brought by plaintiff Powell as a class suit on behalf of all hourly paid employees of the San Antonio Transit System, for an hourly pay raise which plaintiff contends was granted for the month of June, 1961. Defendant City of San Antonio owns the Transit System which it administers through the Transit Board of Trustees. The Board of Trustees operates the System. Between early April, 1961 and May 17, 1961, conferences were held between representatives of the management, and the employees' committee representing the hourly paid employees of the System, for the purpose of discussing grievances, wages, and work conditions.

As a result of these conferences, management representatives and employees' representatives, worked out a joint recommendation to the Transit Board of Trustees, pertinent portions of which follow:

"May 17, 1961
"To the Transit Board of Trustees
of San Antonio
"Gentlemen:

"It is recommended that the attached 'Working Condition for Employees of

the San Antonio Transit System' be adopted for the period of May 16, 1961 to July 31, 1963, except that the following changes be made:

\* \* \*

"To provide an across the board wage increase to employees covered by these Working Conditions of 10¢ per hour from June 1, 1961, to July 31, 1963 inclusive.

"It is understood that the change in wage is contingent upon obtaining a satisfactory fare increase within a reasonable time and that such request for a fare increase will be submitted immediately to the City Council."

(Such letter was signed by Mr. Castle, Assistant Manager of the System, and by Mr. Parker, the employees' representative).

On *May 22, 1961* a request for a fare increase was made to the City Council, and on *June 28, 1961* the City Council passed and adopted such fare increase.

On *July 5, 1961,* the Transit Board of Trustees adopted the wages, hours and working conditions contained in the letter of May 17, 1961, but made the wage increase effective *July 1, 1961* instead of June 1, 1961.

Plaintiffs contend that they have a contract for the wage increase to take effect on June 1, 1961. Defendant contends that the foregoing undisputed facts are not a contract; that the letter of May 17, 1961 was a recommendation only, which the Transit Board of Trustees had a right to accept or reject in whole or in part.

The Trial Court, without a jury, entered judgment that plaintiffs take nothing. Plaintiffs appeal, contending that they had a contract for the wage increase to be effective June 1, 1961, if the City Council of San Antonio granted a fare increase within a reasonable time; that the fare increase was granted on 28 June, 1961, and that the wage increase should be effective as of June 1, 1961.

We reject plaintiff's contentions. The undisputed factual situation reflects that plaintiff employees' representative and the Assistant Manager of the Transit System made no contract; and recommended only to the Transit Board of Trustees. The letter of May 17, 1961 states on its face that it is a recommendation only.

The judgment of the Trial Court is affirmed.